UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


KEVIN W. TARR,                                    CASE NO. 3:07 CV 302

        Petitioner,                          CHIEF JUDGE JAMES G. CARR

    v.

                                                  OPINION AND ORDER

OHIO SUPREME COURT, et al.,

        Respondent.


On February 2, 2007, petitioner pro se Kevin W. Tarr filed this 42 U.S.C. § 1983 action against the Ohio Supreme Court and the Third District Court of Appeals for Allen County. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989);

Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194,

---

[1]    A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985); cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

197 (6th Cir. 1996).

The complaint alleges Mr. Tarr was convicted of sexual battery in an Ohio trial court. It is further alleged that he filed unsuccessful state habeas petitions in the defendant courts, wherein he asserted the trial court lacked jurisdiction because the statute under which he was convicted did not apply to the offense.  An appeal to the Ohio Supreme Court was also denied.  Mr. Tarr seeks an order from this court granting the relief he sought in the Ohio courts, and a remand for a fair and impartial adjudication of his claim.

Mr. Tarr is explicitly challenging his state court conviction.  The Supreme Court has held that the sole federal remedy for such a challenge is in habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973).

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


SO ORDERED.


JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

2